MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
By: MATTHEW L. SCHWARTZ
Assistant United States Attorney
86 Chambers Street
New York, New York 10007
Telephone: (212) 637-1945
Facsimile: (212) 637-2750



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
UNITED STATES OF AMERICA,

        Plaintiff,

   v.

JOHN J. CIPRIANI and JANICE CIPRIANI,

        Defendants.
------------------------------------x

**JUDGE KARAS**

**COMPLAINT**

ECF CASE

07 CIV 9701

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

    Plaintiff, United States of America, by its attorney Michael J. Garcia, United States Attorney for the Southern District of New York, herein alleges for its complaint as follows:

### INTRODUCTION

    1.    This is a civil action brought by plaintiff, the United States of America, on behalf of its agency the Railroad Retirement Board ("RRB"), against the defendants, John Cipriani and Janice Cipriani (together, the "Ciprianis"), under the provisions of the False Claims Act, 31 U.S.C. § 3729, et seq. (the "False Claims Act"), to recover damages sustained by, and penalties owed to, the United States as a result of the Ciprianis having knowingly presented or caused to be presented to

the United States false or fraudulent claims for payment in connection with an annuity paid by the RRB to John Cipriani.

2. The United States brings additional claims against the Ciprianis under the common law for conversion, unjust enrichment, fraud, and payment under mistake of fact.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the claims brought under the False Claims Act pursuant to 31 U.S.C. § 3730(a) and 28 U.S.C. §§ 1331 and 1345, over the remaining claims pursuant to 28 U.S.C. § 1345, and over all claims pursuant to the Court's general equitable jurisdiction.

4. Venue lies in this District pursuant to 31 U.S.C. § 3732(a) and 28 U.S.C. §§ 1391(b) and 1391(c) because the Ciprianis' last known address is 44 Tonetta Lake Way, Brewster, New York 10509, which is located in the Southern District of New York.

## FACTUAL ALLEGATIONS

5. John Cipriani, a former employee of Metro North Railroad, has received RRB administered disability annuity payments since May 29, 1993.

6. To obtain these annuity payments, Janice Cipriani completed and John Cipriani executed RRB Form AA-1, Application for Employee Annuity, and RRB Form AA-1d, Application for Determination of Employee Disability. By signing these forms, John Cipriani agreed to report to the RRB immediately any work and earnings that might affect his annuity.

7. On July 23, 2002, Janice Cipriani completed and John Cipriani executed RRB Form G-254, Continuing Disability Report. Section three, question seven of RRB Form G-254 required John Cipriani to state whether he had worked for a railroad or non-railroad employer since he began receiving annuity payments in 1993. Janice Cipriani checked the box marked "No." In response to question eight, which required John Cipriani to provide contact information for his employer(s), Janice Cipriani wrote "None." John Cipriani signed the completed Form G-254.

8. However, in fact, between 2000 and 2002, John Cipriani held various part-time jobs that he failed to report to the RRB on the RRB Form 254-G that he executed on July 23, 2002. At the time that she completed the RRB Form 254-G, Janice Cipriani knew that John Cipriani had held these part-time jobs.

9. In particular, John Cipriani earned $9,952.72 in 2000, $14,429.00 in 2001, and $12,543.55 in 2002 — amounts which exceed the maximum income limits for annuity payments — from his part-time jobs.

10. During this period, John Cipriani continued to receive and accept RRB annuity payments without notifying the RRB of his part-time employment.

11. During this period, John Cipriani received a total of $66,746.24 in RRB administered payments.

12. Because John Cipriani was employed, he was only entitled to receive $11,084.61 during this period because RRB should have withheld payment during months in which John Cipriani's income exceeded a threshold amount.

13. Therefore, John Cipriani received a total of $55,679.63 in RRB annuity payments to which he was not entitled. In addition, under the law, John Cipriani is subject to a late reporting penalty of $1,809.62, for a total overpayment of $57,489.26.

14. In November 2002, John Cipriani attained full retirement age, and his annuity was no longer subject to any reduction as a result of outside earnings.

15. On May 12, 2006, a Special Agent in the RRB's Office of the Inspector General interviewed the Ciprianis concerning John Cipriani's outside earnings in 2000 through 2002. At that time, John Cipriani admitted that he had failed to report his part-time employment and that he had received overpayments from the RRB in the amount of $57,489.26. John Cipriani also verified the authenticity of his signature on the July 23, 2002, Form G-254. Janice Cipriani admitted that she had completed the forms for John Cipriani.

16. The RRB would not have paid John Cipriani $55,679.63 in annuity payments if it had known that, in fact, he had earned $36,925.27 in outside earnings from his part-time jobs, and that certain information on the forms completed by Janice Cipriani and signed by John Cipriani was false.

## FIRST CLAIM
### (FALSE CLAIMS ACT, 31 U.S.C. § 3729(a)(1))

17. The United States incorporates by reference paragraphs 1 through 16 above as if fully set forth herein.

18. The United States seeks relief against the Ciprianis under Section 3729(a)(1) of the False Claims Act, 31 U.S.C. § 3729(a)(1).

19. As set forth above, the Ciprianis knowingly, or with reckless disregard for the truth, presented and caused to be presented to an officer, employee or agent of the United States, through the RRB, either directly or indirectly, false or fraudulent claims for annuity payments.

20. The United States, through the RRB, paid such false or fraudulent claims because of the acts and conduct of the Ciprianis.

21. By reason of the Ciprianis' false claims, the United States has sustained damages in an amount to be determined at trial.

## SECOND CLAIM
## (FALSE CLAIMS ACT, 31 U.S.C. § 3729(a)(2))

22. The United States incorporates by reference paragraphs 1 through 16 above as if fully set forth herein.

23. The United States seeks relief against the Ciprianis under Section 3729(a)(2) of the False Claims Act, 31 U.S.C. § 3729(a)(2).

24. As set forth above, the Ciprianis knowingly, or in reckless disregard for the truth, made, used, and caused to be made and used, false records and statements to get false and fraudulent claims for annuity benefits paid by the RRB.

25. The United States, through the RRB, paid such false or fraudulent claims because of the acts and conduct of the Ciprianis.

26. By reason of these false claims, the United States has sustained damages in an amount to be determined at trial.

## THIRD CLAIM
## (FALSE CLAIMS ACT, 31 U.S.C. § 3729(a)(3))

27. The United States incorporates by reference paragraphs 1 through 16 above as if fully set forth herein.

28. As set forth above, in connection with the foregoing scheme, John and Janice Cipriani conspired with one another to defraud the United States by getting false or fraudulent claims allowed or paid, in that, because of the forms completed by Janice Cipriani and executed by John Cipriani, the RRB was caused to wrongfully pay annuity benefits to John Cipriani.

29. By reason of these false claims, the United States has sustained damages in an amount to be determined at trial.

## FOURTH CLAIM
## (CONVERSION)

30. The United States incorporates by reference paragraphs 1 through 16 above as if fully set forth herein.

31. All RRB annuity overpayments up to the amount of $57,489.26 made to John Cipriani are the lawful property of the United States of America.

32. The Ciprianis knowingly converted these funds for their own use, in derogation of the rights of the United States, which is entitled to these funds.

33. As a result of the conversion by the Ciprianis, the United States has been damaged in the amount of $57,489.26, representing the payments the Ciprianis have wrongfully withheld from the United States.

## FIFTH CLAIM
## (UNJUST ENRICHMENT)

34. The United States incorporates by reference paragraphs 1 through 16 above as if fully set forth herein.

35. The United States made RRB annuity payments to and for the benefit of John Cipriani when he was not entitled to those payments.

36. The Ciprianis have been unjustly enriched by retaining the use and enjoyment of the RRB annuity payments made to John Cipriani, to which he was not entitled.

37. The Ciprianis have been unjustly enriched in the amount of $57,489.26, representing the RRB annuity payments which they used for their own benefit, but to which they were not entitled.

38. The circumstances of John Cipriani's receipt of these annuity payments are such that, in equity and good conscience, the Ciprianis should not retain these payments.

## SIXTH CLAIM
## (FRAUD)

39. The United States incorporates by reference paragraphs 1 through 16 above as if fully set forth herein.

40. The Ciprianis made material misrepresentations of fact to the United States, through the RRB, with knowledge of, or in reckless disregard of, their truth, in connection with John Cipriani's claim for RRB annuity payments.

41. The Ciprianis intended that the United States rely upon the accuracy

of the false representations referenced above.

42.   The United States made substantial payments of money to John Cipriani in justifiable reliance upon the Ciprianis' false representations.

43.   The Ciprianis' actions caused the United States to be damaged in an amount to be determined at trial.

## SEVENTH CLAIM
## (PAYMENT MADE UNDER MISTAKE OF FACT)

44.   The United States incorporates by reference paragraphs 1 through 16 above as if fully set forth herein.

45.   The United States seeks relief against the Ciprianis to recover monies paid under mistake of fact.

46.   The United States made annuity payments to John Cipriani under the erroneous belief that the information in his claims for payment complied with the applicable rules and guidelines. This erroneous belief was material to the United States' decision to make these annuity payments. In such circumstances, payment was by mistake and was not authorized.

47.   Because of these payments by mistake, the Ciprianis have received money to which they are not entitled.

48.   By reason of the foregoing, the United States was damaged in an amount to be determined at trial.

WHEREFORE, plaintiff, the United States of America, requests that judgment be entered in its favor and against defendants John and Janice Cipriani as follows:

(a) On the First, Second, and Third Claims for relief (Violations of the False Claims Act, 31 U.S.C. §§ 3729(a)(1), (2), and (3)), for treble the United States' damages, $57,489.26, plus an $11,000.00 penalty for each false claim presented;

(b) On the First, Second, and Third Claims for relief, an award of costs pursuant to 31 U.S.C. § 3729(a);

(c) On the Fourth Claim for relief (Conversion), in an amount to be determined at trial, together with costs and interest;

(d) On the Fifth Claim for relief (Unjust Enrichment), in an amount to be determined at trial, together with costs and interest;

(e) On the Sixth Claim for relief (Fraud), in an amount to be determined at trial, together with costs and interest;

(f) On the Seventh Claim for relief (Payment Made Under Mistake of Fact), in an amount to be determined at trial, together with costs and interest; and

(g) awarding such further relief as is proper

Dated:   New York, New York
         October 31, 2007

                                    MICHAEL J. GARCIA
                                    United States Attorney

                            By:     _____
                                    MATTHEW L. SCHWARTZ
                                    Assistant United States Attorney
                                    Telephone: (212) 637-1945
                                    Facsimile:  (212) 637-2750