UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
UNITED STATES OF AMERICA,

    Plaintiff,

v.

JOHN J. CIPRIANI and JANICE CIPRIANI,

    Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

STIPULATION AND ORDER
OF SETTLEMENT AND
DISMISSAL

ECF CASE

07 Civ. 9701 (KMK) (LMS)

  WHEREAS, the United States, by its attorney, Michael J. Garcia, United States Attorney for the Southern District of New York, filed a Complaint (the "Complaint") against defendants John J. Cipriani and Janice Cipriani ("Defendants") under the False Claims Act, 31 U.S.C. §§ 3729-3733 (the "False Claims Act") and the common law, alleging that, from in or about 2000 through November 2002, Defendants knowingly presented or caused to be presented to the United States false or fraudulent claims for disability annuity payments, as more specifically described in the Complaint;

  WHEREAS, this Stipulation and Order of Settlement and Dismissal (the "Stipulation and Order") covers all of the claims alleged in the Complaint against Defendants (the "Covered Conduct");

  WHEREAS, Defendants hereby appear and consent to the entry of this Stipulation and Order, without admitting any wrongdoing or liability under the False Claims Act as alleged in the Complaint; and

  WHEREAS, to avoid the delay, expense, uncertainty and inconvenience of protracted litigation, the United States and Defendants desire to reach a full and

final compromise and resolution of this action;

NOW, THEREFORE, the parties, in consideration of the mutual commitments set out below, agree as follows:

1.  The parties consent to this Court's exercise of subject matter jurisdiction over this action and personal jurisdiction over all of them.

2.  Defendants agrees to the entry of a judgment (in the form attached as Exhibit A) against them and in favor of the United States, in full compromise and satisfaction of the allegations against them set forth in the Complaint, for the sum of one hundred thousand dollars ($100,000.00) (the "Settlement Amount"). This Settlement Amount shall constitute a debt due and owing to the United States upon entry of this Stipulation and Order by the Court, and is to be discharged by payment to the United States under the following terms and conditions:

    (a)  Defendants shall pay the Settlement Amount in monthly installments of $100.00 beginning in January 2008. Defendants agree this amount shall be deducted from John Cipriani's retirement annuity paid by the United States Railroad Retirement Board, beginning in January 2008.

    (b)  Defendants agree that the United States shall have a first position security interest on the real property owned by Defendants located at 44 Tonetta Lake Way, Brewster, New York 10509 (the "Pledged Property"), and that the United States may place a lien on such property (the "Judgment Lien") until such time as Defendants have paid the total Settlement Amount.

    (c)  This Stipulation and Order shall be sufficient and conclusive

evidence of the validity of the Judgment Lien, without the necessity of the filing and/or recording of any financing statement(s), mortgage(s), deed(s) of trust, notice(s), or other document(s) that may otherwise be required under the law of any jurisdiction, or the taking of any other action to validate or perfect the security interests and liens granted to the United States in this Stipulation and Order. The United States may, in its discretion, file a certified copy of this Stipulation and Order in the jurisdiction in which the Pledged Property is located, and in such event, the subject filing/recording officer is hereby authorized and directed to file/record such certified copy.

3. If Defendants fail to comply with the payment obligations set forth in Paragraph 2, Defendants shall pay interest at the rate of 12% per annum, compounded daily, on any balance of the Settlement Amount that remains unpaid, such interest to begin accruing 10 days after the date of entry of this Stipulation and Order and until such time as Defendants fully comply with the payment obligations set forth in Paragraph 2. Any such interest shall be added and deemed to be part of the Settlement Amount. Furthermore, if Defendants fail to comply with the payment obligations set forth in Paragraph 2, the remaining unpaid balance of the Settlement Amount shall become immediately due and payable, and the United States may exercise all statutory, common law, or equitable rights to collect such outstanding balance of the Settlement Amount. Defendants agree not to contest any offset imposed and not to contest any collection action undertaken by the United States in accordance with this Paragraph, either administratively or in

any State or Federal court. The United States shall be entitled to an award of reasonable costs and attorneys' fees in connection with its collection efforts.

4. Subject to the exceptions in Paragraph 7 below, in consideration of the obligations of Defendants set forth in this Stipulation and Order, conditioned upon Defendants' timely payment in full of the Settlement Amount, and subject to Paragraph 12 below (concerning bankruptcy proceedings commenced within 91 days of any payment under this Stipulation and Order), the United States (on behalf of itself, its officers, agents, agencies and departments) agrees to release Defendants from any civil monetary claim the United States has or may have against Defendant for the Covered Conduct under the False Claims Act, 31 U.S.C. §§ 3729-3733, or under the common law or equitable theories of conversion, unjust enrichment, fraud, or payment by mistake.

5. Defendants agree to release the United States, its agencies, employees, servants and agents from any claims (including attorneys' fees, costs and expenses of every kind and however denominated) that Defendants have asserted, could have asserted, or may assert in the future against the United States, its agencies, employees, servants and agents related to the matters covered by the Complaint, and the United States' investigation and prosecution thereof, and this Stipulation and Order.

6. This Stipulation and Order is intended to be for the benefit of the parties to this Stipulation and Order only, and by this instrument the parties to this Stipulation and Order do not release any claims against any other person or

entity, except as expressly provided by this Stipulation and Order.

7.  Notwithstanding any term of this Stipulation and Order, including the releases provided in Paragraphs 4 and 5, any and all of the following are specifically reserved and excluded from the scope and terms of this Stipulation and Order as to any entity or person:

(a)  Any civil, criminal or administrative claims arising under Title 26, U.S. Code (Internal Revenue Code);

(b)  Any criminal liability;

(c)  Any administrative liability, including but not limited to debarment from participation in Federal programs or activities;

(d)  Any liability to the United States (or its agencies) for any conduct other than the Covered Conduct;

(e)  Any claims based upon such obligations as are created by this Stipulation and Order; and

(f)  Any liability to the United States of any entity or person, including but not limited to any joint tortfeasor, that or who is not released by the terms of this Stipulation and Order.

8.  Defendants waive and will not assert any defenses they may have to any criminal prosecution or administrative action relating to the Covered Conduct, which defenses may be based in whole or in part on a contention that, under the Double Jeopardy Clause in the Fifth Amendment of the Constitution, or under the Excessive Fines Clause in the Eighth Amendment of the Constitution, this

Stipulation and Order bars a remedy sought in such criminal prosecution or administrative action. Defendants agree that this Stipulation and Order is not punitive in purpose or effect.

9.  Nothing in this Stipulation and Order constitutes an agreement by the United States concerning the characterization of the Settlement Amount for purposes of the Internal Revenue Code, Title 26 of the United States Code.

10. Defendants shall be in default of this Stipulation and Order if they fail to make the payment set forth in Paragraph 2 on or before the due date of such payment. The United States will provide written notice of such default, and Defendant shall have an opportunity to cure such default within fifteen (15) business days from the date of his receipt of the notice. Notice of default will be sent by fax and overnight mail to the undersigned attorney for Defendant. If Defendant fails to cure the default within fifteen (15) business days, the Settlement Amount shall be immediately due and payable, and interest shall accrue at the rate of 12% per annum compounded daily from the date of default on the remaining unpaid principal balance. Defendants shall consent to a judgment in the amount of the unpaid balance, and the United States, at its option, may (a) rescind this Stipulation and Order and reinstate the Complaint; (b) seek specific performance of the Stipulation and Order; (c) offset the remaining unpaid balance from any amounts due and owing Defendants by any department, agency or agent of the United States at the time of default; or (d) exercise any other rights granted by law, or under the terms of this Stipulation and Order, or recognizable at common law or

in equity. Defendants agree not to contest any offset imposed and not to contest any collection action undertaken by the United States pursuant to this Paragraph, either administratively or in any State or Federal court. In addition, Defendants shall pay the United States all reasonable costs of collection and enforcement under this Paragraph, including attorneys' fees and expenses.

In the event that the United States opts to rescind this Stipulation and Order, Defendants expressly agree not to plead, argue or otherwise raise any defenses under the theories of statute of limitations, laches, estoppel or similar theories, to any civil or administrative claims which relate to the Covered Conduct, except to the extent such defenses were available on the date of entry of this Stipulation and Order.

11.    Defendants expressly warrant that they have reviewed their financial situation and that they are currently solvent within the meaning of 11 U.S.C. § 547(b)(3) and 548(a)(1)(A) and (B)(ii)(I), and will remain solvent following their payment of the Settlement Amount to the United States hereunder. Further, the parties expressly warrant that, in evaluating whether to execute this Stipulation and Order, such parties (i) have intended that the mutual promises, covenants and obligations set forth herein constitute a contemporaneous exchange for new value given to Defendants, within the meaning of 11 U.S.C. § 547(c)(1), and (ii) have concluded that these mutual promises, covenants and obligations do, in fact, constitute such a contemporaneous exchange.

Further, the parties warrant that the mutual promises, covenants and

obligations set forth herein are intended to and do represent a reasonably equivalent exchange of value which is not intended to hinder, delay or defraud any entity to which Defendants was or became indebted to on or after the date of this transfer, all within the meaning of 11 U.S.C. § 548(a)(1).

12. In the event that either of Defendants commence, or a third party commences, within ninety-one (91) days of any payment under this Stipulation and Order, any case, proceeding, or other action (a) under any law relating to bankruptcy, insolvency, reorganization or relief of debtors, seeking any order for relief of Defendants' debts, or seeking to adjudicate either one of them as bankrupt or insolvent, or (b) seeking appointment of a receiver, trustee, custodian or other similar official for either of them or for all or any substantial part of their assets, Defendants agrees as follows:

(a) Defendants' obligations under this Stipulation and Order may not be avoided pursuant to 11 U.S.C. § 547, and they will not argue or otherwise take the position in any such case, proceeding or other action that: (i) either of their obligations under this Stipulation and Order may be avoided under 11 U.S.C. § 547; (ii) either of them was insolvent at the time this Stipulation and Order was entered into, or became insolvent as a result of the payments made to the United States hereunder; or (iii) the mutual promises, covenants and obligations set forth in this Stipulation and Order do not constitute a contemporaneous exchange for new value given to them.

(b) In the event that Defendants' obligations hereunder are avoided

8

for any reason, including, but not limited to, through the exercise of a trustee's avoidance powers under the Bankruptcy Code, the United States, at its sole option, may rescind its agreement to this Stipulation and Order, and bring any civil and/or administrative claim, action or proceeding against Defendants for the claims that would otherwise be covered by the releases provided in Paragraphs 4 and 5, above. If the United States chooses to do so, (i) Defendants agree that they will not contend that any such claims, actions or proceedings brought by the United States are subject to an automatic stay pursuant to 11 U.S.C. § 362(a) as a result of the action, case or proceeding described in the first clause of this paragraph; (ii) Defendants further agree that they will not plead, argue or otherwise raise any defenses under the theories of statute of limitations, laches, estoppel or similar theories, to any such civil or administrative claims, actions or proceedings which are brought by the United States within thirty (30) calendar days of written notification to Defendants that the releases herein have been rescinded pursuant to this Paragraph, except to the extent such defenses were available on the date of entry of this Stipulation and Order; and (iii) Defendants agree that they will not contest the validity of a claim filed by the United States against either one of them in the amount of $100,000.00 as a priority unsecured claim, and the United States may pursue its claim, *inter alia*, in the case, action or proceeding referenced in the first clause of this Paragraph, as well as in any other case, action, or proceeding.

    (c)    Defendants acknowledge that their agreements in this Paragraph are provided in exchange for valuable consideration provided in this

Stipulation and Order.

13. Defendants have provided sworn financial disclosure statements and other financial information ("Financial Statements") to the United States, and the United States has relied on the accuracy and completeness of those Financial Statements in entering into this Stipulation and Order. Defendants warrant that the Financial Statements are thorough, accurate, and complete. Defendants further warrant that they do not own or have an interest in any asset(s) that has not been disclosed in the Financial Statements, and that they have made no misrepresentations on, or in connection with, the Financial Statements. In the event the United States learns of: (a) asset(s) in which Defendants had an interest at the time of this Stipulation and Order that would change the estimated net worth of Defendants set forth in the Financial Statements by ten thousand dollars ($10,000) or more, and which was not disclosed in the Financial Statements; or (b) a misrepresentation by Defendants on, or in connection with, the Financial Statements, and in the event such non-disclosure or misrepresentation changes the estimated net worth of any Defendant as set forth on the Financial Statements by ten thousand dollars ($10,000) or more; the United States may at its option: (i) rescind this Stipulation and Order and reinstate its Complaint; or (ii) let the Stipulation and Order stand and collect the full Settlement Amount by executing on the Judgment, to which will automatically be added two hundred percent (200%) of the value of the net worth of such defendant as previously undisclosed or concealed or dissipated, if such latter amount(s) can be determined. This additional amount,

however, shall not exceed $100,000. To the extent that the United States discovers the occurrence of an event(s) encompassed by subparts (a) through (b) of this Paragraph, Defendants agree not to contest any collection action undertaken by the United States pursuant to this provision.

14. Each party to this Stipulation and Order will bear its own legal and other costs incurred in connection with this matter, including costs incurred in connection with the preparation and performance of this Stipulation and Order.

15. This Stipulation and Order is governed by the laws of the United States. The parties agree that the exclusive jurisdiction and venue for any dispute arising between and among the parties under this Stipulation and Order as it relates to this action will be the United States District Court for the Southern District of New York.

16. This Stipulation and Order constitutes the complete agreement between the parties. This Stipulation and Order may not be amended except by written consent of the United States and Defendant.

17. Subject to the exceptions in Paragraph 7, in consideration of the obligations of Defendants in this Stipulation and Order, and conditioned upon Defendants' timely full payment of the Settlement Amount, this action shall be dismissed with prejudice as to Defendants as to all of the claims set forth in the Complaint, and to the extent of, and as governed by, this Stipulation and Order. However, this Court shall retain jurisdiction over this action and each party to the extent that the obligations herein remain unsatisfied by that party.

18. The persons signing this Stipulation and Order on behalf of each Defendant represents and warrants that they are authorized by the relevant Defendant to execute this Stipulation and Order. The undersigned United States signatory represents that he is signing this Stipulation and Order in his official capacity.

19. This Stipulation and Order may be executed in counterparts, each of which constitutes an original and all of which constitute one and the same agreement.

20. The effective date of this Stipulation and Order is the date on which this Stipulation and Order is entered by this Court.

[REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]

Dated:   New York, New York
         November 20, 2007

                                      MICHAEL J. GARCIA
                                      United States Attorney
                                      *Attorney for the United States of America*

                              By:     _____
                                      MATTHEW L. SCHWARTZ
                                      Assistant United States Attorney
                                      86 Chambers Street, 3rd Floor
                                      New York, New York 10007
                                      Telephone: (212) 637-1945
                                      Facsimile:  (212) 637-2750

Dated:   New York, New York
         November 22, 2007

                                      _____
                                      JANICE CIPRIANI

Dated:   New York, New York
         November 20, 2007

                                      _____
                                      JOHN J. CIPRIANI


SO ORDERED.

_____   11/27/07
HON. KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
UNITED STATES OF AMERICA,

               Plaintiff,

v.

JOHN J. CIPRIANI and JANICE CIPRIANI,

               Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**JUDGMENT**

Judgment No.: _____

07 Civ. 9701 (KMK) (LMS)

    WHEREAS, the United States of America (the "Government" or the "plaintiff") filed its Complaint in this action on November 1, 2007, and the defendants John J. Cipriani and Janice Cipriani ("Defendants") were duly served with a copy of the complaint, and has accepted service thereof;

    WHEREAS, on or about November 20, 2007, the parties hereto entered into a Stipulation and Order of Settlement and Dismissal (the "Order") resolving all of the claims alleged in the Government's Complaint against Defendants, and filed such Order with the Clerk of the Court;

    WHEREAS, pursuant to paragraph 2(b) of the Order, Defendants agree that the "United States shall have a first position security interest on the real property owned by Defendants located at 44 Tonetta Lake Way, Brewster, New York 10509 (the "Pledged Property"), and that the United States may place a lien on such property (the "Judgment Lien") until such time as Defendants have paid the total Settlement Amount [which is $100,000.00]";

    WHEREAS, on or about November \_\_, 2007, this Court signed the Order and, accordingly, it is so ordered.

Now, therefore, it is hereby ORDERED AND ADJUDGED as follows:

1.    The plaintiff United States shall have judgment against defendants John J. Cipriani and Janice Cipriani in the sum of one hundred thousand dollars ($100,000.00) to be paid in accord with the terms of the Order, and the plaintiff United States shall have execution therefor.

2.    Plaintiff United States shall be permitted to file this judgment in Putnam County where the Pledged Property is located, and such filing shall be a lien on such property until such time as Defendants have paid the total Settlement Amount, which is $100,000.00

3.    The above-captioned action is dismissed with prejudice.

Dated:    New York, New York
    _____, 2007

    _____
    CLERK OF COURT